NOT FOR PUBLICATION                                             (Docket Nos. 7, 8)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHARLOTTE TALLEY, | |
| Plaintiff, | Civil No. 07-4984 (RBK) |
| v. | **OPINION** |
| DEUTSCHE BANK TRUST CO., | |
| Defendant. | |

**KUGLER**, United States District Judge:

Presently before the Court is a motion by Defendant Deutsche Bank Trust Co. ("Defendant") to dismiss the complaint of Plaintiff Charlotte Talley ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's Amended Complaint appears to make claims pursuant to the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA") and New Jersey common law fraud. Also before the Court is Plaintiff's motion for an extension of time to respond to Defendant's motion to dismiss.

I.      BACKGROUND

Plaintiff's allegations arise from a series of incidents related to property located at 141 Girard Avenue, Winslow Township, New Jersey ("the Property"). Plaintiff filed a Complaint in this Court on October 16, 2007 alleging that the Defendant allowed a mortgage to be obtained without Plaintiff's consent on the Property belonging in part to Plaintiff.

Plaintiff alleges that the October 2004 deed, purportedly transferring Plaintiff's share of the Property to her brother, Elger Talley, does not contain Plaintiff's signature but rather a forgery thereof. Further, Plaintiff contends that Defendant had the fraudulent signature notarized, thus allowing Elger Tally to obtain a mortgage on the Property.[1] In Plaintiff's Amended Complaint, filed November 15, 2007, she renews her allegations in the Complaint and contends that Defendant has engaged in "fraudulent lending practices." Allegedly having never conveyed the Property to her brother, Plaintiff seeks to stay foreclosure on the Property, to obtain compensatory and punitive damages for her loss of employment and mental and emotional duress resulting from this matter, as well as other relief deemed necessary by the Court.

Defendant filed its motion to dismiss on May 16, 2008, and the motion date was set by the Clerk for June 16, 2008. On June 16, 2008, Plaintiff filed her motion for an extension of time to respond. The Court has received no further communication from Plaintiff.

## II.     DISCUSSION

### A.     Motion to Dismiss

#### 1.     Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint may be dismissed for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint. Kost v. Kozakiewicz, 1

---

[1] After Plaintiff's brother failed to make his mortgage payments, Defendant obtained a mortgage foreclosure judgment on the Property.

F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citation omitted).

    2.    <u>Analysis</u>

        a.    **TILA Claim**

Plaintiff's allegation that Defendant violated the requirements of the TILA must be dismissed, as Plaintiff is not a proper party to bring a civil complaint against Defendant in such an action. Defendant has moved to dismiss Plaintiff's TILA claim on these grounds

Although Plaintiff contends that she has suffered damages because of Defendant's alleged acts, the TILA - which appears from Plaintiff's Amended Complaint to be the basis of her statutory claim - confers a right of action only on a borrower in a suit against the borrower's creditor. In particular, the statute states, "(a) Except as otherwise provided in this section, any creditor who fails in connection with any consumer credit transaction to disclose to any person any information **required under this part to be disclosed to that person** is liable to that person in an amount equal to the sum of . . . ." 15 U.S.C. § 1640(a) (emphasis added). The TILA is designed to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). To that end, the TILA requires creditors to provide borrowers with certain disclosures regarding things like finance charges, percentage rates of interest and borrower's rights. 15 U.S.C. §§ 1631, 1632, 1635, 1638; 12 C.F.R. § 226.23(b)(1). Thus, the TILA explicitly gives standing to a person to whom the duty of disclosure is owed. Cf. Weiner v.

3

Bank of King of Prussia, 358 F.Supp. 684 (E.D. Pa. 1973) (prohibiting a TILA claim against creditors with whom a borrower had no business relationship). Only such a person, the borrower, is given the right to recover for a breach of the creditor's duty under the statute.

In order for Defendant to be obligated to disclose credit terms to Plaintiff, Plaintiff must have been doing business with Defendant, and she was not. Plaintiff admits in her Complaint that she "never signed any mortgage application" and in her Amended Complaint states that she "never signed or talked to anyone about any loan." Because Plaintiff has not demonstrated that she entered into any credit transaction with Defendant, Defendant cannot be held liable to Plaintiff under the terms of the TILA. Plaintiff has thus failed to state a claim upon which relief may be granted, and her claim under the TILA will be dismissed.

### b.      Common Law Fraud Claim

Plaintiff failed to comport with the requirements of Federal Rule of Civil Procedure 9(b) when she asserted a claim of fraud against Defendant. Defendant moves to dismiss Plaintiff's Amended Complaint because Plaintiff did not plead the fraud with the requisite particularity under the Rule. After carefully considering the submissions of the parties, and based upon the following, the Court will grant Defendant's motion to dismiss Plaintiff's fraud claim without prejudice. Plaintiff may move to amend her fraud pleading to comply with Rule 9(b).

Rule 9(b) states "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Pursuant to Rule 9(b), a plaintiff must plead the circumstances of the alleged fraud with particularity sufficient to put the defendant on notice of the "precise misconduct with which [it is] charged." Lum v. Bank of America, 361 F.3d

217, 223-24 (3d Cir. 2004). To satisfy this standard, the Third Circuit permits a plaintiff to use an "alternative means of injecting precision and some measure of substantiation into their allegations of fraud," rather than specifically pleading the date, time, and place of the alleged fraud. Id. (citing Seville Indus. Machinery v. Southmost Machinery, 742 F.2d 786, 791 (3d Cir. 1984)). Rule 9(b)'s heightened pleading standard is meant "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Seville, 742 F.2d at 791; see Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (noting that an allegation of common law fraud must follow the pleading standard set forth in Rule 9(b)).

Plaintiff "does not state with particularity the circumstances of the alleged fraud or otherwise inject the requisite precision into her allegations." Frederico, 507 F.3d at 200. In her Amended Complaint, Plaintiff merely states that her signature was fraudulent and that Defendant has engaged in fraudulent lending practices. While Plaintiff has vaguely alleged the subject time period ("on or about Nov. of 2004") regarding the fraudulent signature, she has not alleged the facts of either the fraudulent signature or lending practices with the specificity required by Rule 9. She fails to allege the place of the purported signature fraud, nor does she identify in her Complaint or Amended Complaint any persons employed by Defendant involved in that alleged fraud.[2] Further, it is unclear from the Amended Complaint whether Plaintiff has alleged any

---

[2] In notes written on attachments to Plaintiff's Complaint, Plaintiff appears to allege misconduct on the part of the notary who witnessed the allegedly fraudulent signing of the deed on the Property, however, Plaintiff makes no allegation in her Amended Complaint that her claim of fraud is based upon the notary's actions. Further, although Plaintiff does not make any allegation in her Complaint or Amended Complaint as to the identity of the individual who purportedly fraudulently signed her name on the deed, she must have done more to comport with the Rule 9 requirements. See F.D.I.C. v. Bathgate, 27 F.3d 850, 876 (3d Cir. 1994) (stating that

discrete acts that make up the purported "fraudulent lending practices of the [D]efendant." Without including such detail in the Amended Complaint, however, Plaintiff did not place Defendant "on notice of the precise misconduct with which [it is] charged." Lum, 361 F.3d at 223-24.  Accordingly, Plaintiff's Amended Complaint fails to plead the circumstances constituting fraud with particularity, as required by Rule 9(b).

The Court is mindful that Plaintiff is proceeding pro se in this action, and given her status has afforded every possible consideration to both her Complaint and Amended Complaint. Nonetheless, Plaintiff has failed to plead fraud with the requisite particularity.  The Court will dismiss Plaintiff's fraud claim without prejudice, such that if Plaintiff chooses to move to amend her Amended Complaint, she may do so to align her pleading with the requirements of Rule 9. Plaintiff will be granted leave to amend her Amended Complaint to comport with Rule 9 within 45 days of the filing of this Opinion.

**B.     Motion to Extend Time**

Plaintiff did not file a timely motion to automatically extend her time to respond to Defendant's motion to dismiss.  Local Civil Rule 7.1(d)(2) requires that opposition to a motion "be filed with the Clerk at least 14 days prior to the original motion date, unless the Court otherwise orders or an automatic extension is obtained pursuant to L. Civ. R. 7.1(d)(5)."  Local Civil Rule 7.1(d)(5) permits an automatic 14 day extension of time to file opposition papers if the party seeking the extension merely files "a letter invoking the provisions of th[e] rule before the

---

where a plaintiff does not have personal knowledge of certain details of the alleged fraud, to satisfy Rule 9(b), the plaintiff must allege that the necessary information lies within the defendant's exclusive control and provide facts to illustrate that plaintiff's claims are not baseless)."

6

date on which opposition papers would otherwise be due." The motion date for Defendant's motion to dismiss was set at June 16, 2008. Thus, per the local rules, Plaintiff had until June 2, 2008 to file her response to Defendant's motion. Plaintiff filed her motion to extend time 14 days later, on June 16, so Plaintiff was not permitted an automatic extension pursuant to Local Rule 7.1(d)(5).

A party may otherwise seek an extension of the time limit by moving for an Order of the Court. Id. Even were the Court to grant Plaintiff's motion to extend time to file, which it will not, the result of the analysis herein would not be substantially different. Specifically, the Courts opinion regarding Defendant's motion to dismiss Plaintiff's TILA claim rests on the relationship between the parties. Plaintiff, in her Complaint and Amended Complaint, admits that she did not enter into any mortgage agreement with the Defendant. By her own admission, she does not have the requisite relationship to the Defendant to sustain a TILA claim, so no set of averments in response to Defendant's current motion would serve to reverse the Court's findings on that issue. See Commw. of Pa. ex. rel Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("'It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'") (quoting Car Carriers, Inc. v. Ford Motor Corp., 745 F.2d 1101, 1107 (7th Cir. 1984)); Unger v. National Residents Matching Program, 928 F.2d 1392, 1400 (3d Cir. 1991). Plaintiff's fraud claim, although not properly pleaded, are being dismissed herein without prejudice, so Plaintiff will have leave to amend her Amended Complaint to comport with Rule 9. Although Plaintiff's motion to extend time to respond will be denied, to do so has no practical effect on the course of these proceedings.

**III.     CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's TILA claim is GRANTED, Defendant's motion to dismiss Plaintiff's fraud claim is GRANTED WITHOUT PREJUDICE, and Plaintiff's motion to extend time to respond to Defendant's motion to dismiss is DENIED.  It is further ordered that Plaintiff will be granted leave to amend her Amended Complaint to comport with Rule 9 within 45 days of the filing of this Opinion.


Date:   10-15-08                                                                      /s/ Robert B. Kugler
                                                                                       ROBERT B. KUGLER
                                                                                       United States District Judge