NOT FOR PUBLICATION                                          (Docket No. 11)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                             :
CHARLOTTE TALLEY ,                           :
                                             :
                    Plaintiff,               :         Civil No. 07-4984 (RBK/AMD)
                                             :
             v.                              :         **OPINION**
                                             :
DEUTSCHE BANK TRUST CO.,                      :
                                             :
                    Defendant.               :
_____:

**KUGLER**, United States District Judge:

Presently before the Court is a motion by Plaintiff Charlotte Talley ("Plaintiff") to file a Second Amended Complaint in her pending action against Defendant Deutsche Bank Trust Co. ("Defendant").  Plaintiff seeks to amend her previous Amended Complaint to add two defendants and to add a number of causes of action.  Also before the Court is Plaintiff's Notice of Removal. For the reasons expressed herein, the Court will deny Plaintiff's motion to amend and dismiss her notice of removal.

## I.      BACKGROUND

Plaintiff's allegations arise from a series of incidents related to property located at 141 Girard Avenue, Winslow Township, New Jersey ("the Property").  Plaintiff filed a Complaint in this Court on October 16, 2007 alleging that the Defendant allowed a mortgage to be obtained without Plaintiff's consent on the Property belonging in part to Plaintiff.

Plaintiff alleges that the October 2004 deed, purportedly transferring Plaintiff's share of

1

the Property to her brother, Elger Talley, does not contain Plaintiff's signature but rather a forgery thereof.  Further, Plaintiff contends that Defendant had the fraudulent signature notarized, thus allowing Elger Tally to obtain a mortgage on the Property.[1]  In Plaintiff's Amended Complaint, filed November 15, 2007, she renews her allegations in the Complaint and contends that Defendant has engaged in "fraudulent lending practices."  Allegedly having never conveyed the Property to her brother, Plaintiff seeks to stay foreclosure on the Property, to obtain compensatory and punitive damages for her loss of employment and mental and emotional duress resulting from this matter, as well as other relief deemed necessary by the Court.  Plaintiff appeared to make claims pursuant to the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA") and New Jersey common law fraud.

On October 15, 2008, this Court ruled on a motion to dismiss filed by the Defendant, as well as on Plaintiff's motion for an extension of time to respond.  (Docket Nos. 9, 10.)  The Court dismissed Plaintiff's TILA claim because Plaintiff is not a proper party to such an action, having failed to demonstrate that she entered into any credit transaction with Defendant.  Further, the Court, finding that Plaintiff failed to comport with the requirements of Federal Rule of Civil Procedure 9(b), dismissed Plaintiff's fraud claim without prejudice, ordering that Plaintiff could move to amend her fraud claim within 45 days to comply with Rule 9.  Plaintiff's motion to extend time to respond was denied.

Plaintiff moved for leave to file a Second Amended Complaint on November 17, 2008, within the 45 day period allowed by the Court.  Defendant opposes the instant motion.

---

[1]After Plaintiff's brother failed to make his mortgage payments, Defendant obtained a mortgage foreclosure judgment on the Property.

## II.    STANDARD

Where a plaintiff has already amended a complaint or defendants have filed a responsive pleading, the plaintiff may further amend only with leave of the Court.  Fed. R. Civ. P. 15(a); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).  Under Rule 15(a), such leave should be "freely given when justice so requires."  Fed. R. Civ. P. 15(a); Foman v. Davis, 271 U.S. 178, 182 (1962) (instructing courts to permit amendments freely to afford plaintiffs the opportunity to test claims on the merits).  District courts nevertheless retain substantial discretion to deny amendments in the event of bad faith, undue prejudice to opposing parties, futility of the amendment, or "repeated failure to cure deficiencies by amendments previously allowed." Davis, 271 U.S. 182; In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) ("Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.").  Further, a "trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss."  Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint may be dismissed for failure to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citation omitted).

### III.    ANALYSIS

#### A.    Common Law Fraud Claim

Plaintiff failed to comport with the requirements of Federal Rule of Civil Procedure 9(b) when she asserted a claim of fraud against Defendant, and she has failed to amend her Complaint to satisfy the requirements of the Rule.  The Court will not allow Plaintiff to reinstate her common law fraud claim.

As the Court opined at length in its prior Opinion in this matter, Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Pursuant to Rule 9(b), a plaintiff must plead the circumstances of the alleged fraud with particularity sufficient to put the defendant on notice of the "precise misconduct with which [it is] charged." Lum v. Bank of America, 361 F.3d 217, 223-24 (3d Cir. 2004).  To satisfy this standard, the Third Circuit permits a plaintiff to use an "alternative means of injecting precision and some measure of substantiation into their allegations of fraud," rather than specifically pleading the date, time, and place of the alleged fraud.  Id. (citing Seville Indus. Machinery v. Southmost Machinery, 742 F.2d 786, 791 (3d Cir. 1984)).  Rule 9(b)'s heightened pleading standard is meant "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Seville, 742 F.2d at 791; see Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (noting that an allegation of common law fraud must follow the pleading standard set forth in Rule 9(b)).

In her proposed Second Amended Complaint, Plaintiff  "does not state with particularity

the circumstances of the alleged fraud or otherwise inject the requisite precision into her

allegations."  Frederico, 507 F.3d at 200.  In fact, Plaintiff does not allege how Defendant had

knowledge of the fraud she alleges, nor how Defendant was involved in the alleged fraud.

Plaintiff merely states that "On or about 19/24/2004, defendants approved a mortgage which

falsified plaintiff's name and signature on a loan application, the bank approved it the title

company insured it and the notary Lorraine Serrotore signed her name to the document in which

she works for the bank . . . .[sic]"

　　While Plaintiff has added detail in this proposed amendment as to the date of the alleged

fraud and the name of the notary who witnessed the allegedly fraudulent signing of the deed on

the Property, she still has not alleged facts regarding the incident with the specificity required by

Rule 9.  She still fails to allege the precise place of the purported signature fraud, and she does

not identify any persons other than the notary who were involved in the alleged fraud, including

notably the Defendant.  Although Plaintiff does not make any allegation in her proposed Second

Amended Complaint as to the identity of the individual who purportedly fraudulently signed her

name on the deed, she must have done more to comport with the Rule 9 requirements. See

F.D.I.C. v. Bathgate, 27 F.3d 850, 876 (3d Cir. 1994) (stating that where a plaintiff does not have

personal knowledge of certain details of the alleged fraud, to satisfy Rule 9(b), the plaintiff must

allege that the necessary information lies within the defendant's exclusive control and provide

facts to illustrate that plaintiff's claims are not baseless)."  Without including such detail in the

proposed Second Amended Complaint, Plaintiff still has not placed Defendant "on notice of the

precise misconduct with which [it is] charged." Lum, 361 F.3d at 223-24.  Accordingly,

Plaintiff's proposed Second Amended Complaint fails to plead the circumstances constituting

fraud with particularity, as required by Rule 9(b).

The Court remains mindful that Plaintiff is proceeding pro se, and given her status has afforded every possible consideration to her proposed Second Amended Complaint. Nonetheless, Plaintiff has failed to plead fraud with the requisite particularity.  Plaintiff's fraud claim remains dismissed, and as Plaintiff failed to comport with the Court's Order of October 15, 2008, the common law fraud claim is now dismissed with prejudice.

**B.      Plaintiff's Proposed Additional Claims**

Defendant argues that Plaintiff's failure to amend her fraud claim to comport with the requirements of Rule 9, consistent with the Court's prior Order, is sufficient basis to dismiss Plaintiff's case in its entirety.  A review of the Court's Opinion and Order of October 15, 2008 suggests otherwise.  The Court stated in its Opinion on that date that "Plaintiff will be granted leave to amend her Amended Complaint to comport with Rule 9 within 45 days of the filing of this Opinion," with a substantially similar statement found in the Court's Order.  The Court did not specify that an amendment to the fraud claim was the only amendment Plaintiff would be allowed.  Accordingly, the Court will consider Plaintiff's additional proposed amendments.

**1.      Plaintiff's Proposed 42 U.S.C. § 1983 Claim**

Plaintiff proposes the addition of a claim pursuant to 42 U.S.C. § 1983; however, as such a claim would be futile, the Court will not permit the addition of this claim.

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).  Merely utilizing state foreclosure procedures does not amount to acting

under the color of state law.  See Shipley v. First Fed. Sav. & Loan Ass'n of Del., 703 F. Supp.

1122, 1129-31 (D. Del. 1988), aff'd 877 F.2d 57 (3d Cir. 1989) (holding that a bank and attorney

who filed a foreclosure action were not acting under color of state law for purposes of § 1983).

Plaintiff does not allege in her proposed Second Amended Complaint any specific action

by the Defendant except that it "approved a mortgage which falsified plaintiff's name and

signature."  The approval of a mortgage document, like the utilization of state foreclosure

procedures, does not amount to an act taken under color of state law.  As Plaintiff has failed to

show that Defendant is a state actor, her § 1983 claim would constitute a futile amendment to her

Complaint, and would not withstand a motion to dismiss.  Accordingly, the Court will not grant

leave to amend to include a claim under 42 U.S.C. § 1983.

### 2.   Plaintiff's Proposed Claims Under Chapter 47 Title 18, 18 U.S.C. §§ 1028 and 1738

Plaintiff proposes the addition of claims under Title 18 of the United States Code.

Chapter 47 of Title 18 contains a number of (criminal) statutes addressing a variety of fraudulent

activities; Plaintiff appears to propose claims under § 1028 of that Chapter, as she quotes from

that section in her proposed Second Amended Complaint.  There is no civil action component

included in 18 U.S.C. § 1028, regarding crimes involving fraudulent identification documents.

In other words, Plaintiff's recourse would have been through a claim sounding in common law

fraud, which the Court is aware she did advance although the Court has dismissed the claim with

prejudice supra.  It would be futile to allow the amendment of Plaintiff's Complaint to add a

claim under 18 U.S.C. § 1028, as such a claim would not survive a motion to dismiss.

Accordingly, the Court will not grant leave to amend to include a claim under 18 U.S.C. § 1028.

Plaintiff also proposes the addition of a claim under 18 U.S.C. § 1738. As that statute has been repealed, it would be futile to allow an amendment to the Complaint to include a claim under 18 U.S.C. § 1738, and the Court will not grant leave to amend as such.

### 3.    Plaintiff's Proposed Claim Under the Consumer Protection Fraud Act

Plaintiff appears to propose the addition of a claim under what she has termed "The consumer protection fraud act." Plaintiff's proposed amendments allege federal claims against Defendant, and this particular claim is listed along with Plaintiff's proposed claims under 18 U.S.C. §§ 1028 and 1738. The Court thus infers that Plaintiff means to refer to a federal statute. It appears to the Court, however, that there is no federal statute entitled "The consumer protection fraud act." Additionally, were Plaintiff referring to a state statute, of which there is none so-named in New Jersey, this Court's jurisdiction over the claim could only be grounded on supplemental jurisdiction.[2] 28 U.S.C. § 1367. As this Court does not have original jurisdiction over Plaintiff's possible state law claim, and there are no federal claims remaining in this case, this Court cannot have supplemental jurisdiction over this potential state law claim. Accordingly, it would be futile to allow an amendment to the Complaint in this case to include a claim under "The consumer protection fraud act," and the Court will not grant leave to amend as such, although the Court notes that Plaintiff may file the claim in state court.

### 4.    Proposed Additional Defendants

As the Court has denied all proposed amendments to the causes of action in Plaintiff's

---

[2] Plaintiff's proposed Second Amended Complaint appears to ground jurisdiction, although not alleged specifically, in federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, based upon a federal question. Moreover, there has been no representation that the matter is appropriately within this Court's jurisdiction based upon a diversity of citizenship, 28 U.S.C. § 1332.

Complaint, and there being no claims remaining in this matter, the Court need not consider

Plaintiff's proposed addition of two defendants.

### C.    Plaintiff's Notice of Removal

Plaintiff attaches to her proposed Second Amended Complaint a notice of removal.

Under 28 U.S.C. § 1446(a):

> A defendant or defendants desiring to remove any civil action or criminal prosecution
> from a State court shall file in the district court of the United States for the district
> and division within which such action is pending a notice of removal signed pursuant
> to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain
> statement of the grounds for removal, together with a copy of all process, pleadings,
> and orders served upon such defendant or defendants in such action.

The filing of a notice of removal initiates a new action in the District Court and is not properly

filed as a pleading in another action, no matter the factual nexus between the matters.  Also,

removal must comply with the requirements of 28 U.S.C. § 1446.  The Court notes that 28

U.S.C. § 1446 requires, inter alia, that the removing party be a defendant to the underlying state

court action in order to remove the matter to the District Court.

Defendant contends that the notice of removal is defective because Plaintiff is not a party

to the underlying state action.  This Court has no independent knowledge as to Plaintiff's

involvement in the state court matter she seeks to remove to this Court.  The Court cannot make

any determination on the issue of whether Plaintiff is a party or a defendant in that action.  The

Court also notes that in her own papers, Plaintiff represents that she is not a defendant, nor even a

party, to the action in state court.

Plaintiff filed the instant notice of removal with her motion to amend, and she fails to

comply with the procedural requirements of 28 U.S.C. § 1446.  Accordingly, the Court will

dismiss the notice of removal, as it is not properly before the Court.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend will be DENIED and her notice of

removal will be DISMISSED.


Date:_____4-2-09_____                                     s/ Robert B. Kugler_____
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge